IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BETTY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:18CV00252 ACL |
| ) | |
| ALLSTATE VEHICLE AND PROPERTY ) | |
| INSURANCE COMPANY AND ) | |
| KATHERINE DARBY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND**

COMES NOW Plaintiff Betty Robinson, by her attorneys, and for her Reply Memorandum in support of her Motion to Remand and in response to Defendants' Memorandum in Opposition to Motion to Remand submits the following:

**Background**

On September 6, 2018, Plaintiff filed this action in the Circuit Court of Scott County, Missouri asserting claims for breach of contract and vexatious refusal to pay against Allstate Vehicle and Property Insurance Company (Allstate) and claims for negligent failure to procure insurance and breach of fiduciary duty against Katherine Darby (Darby). (Petition, ECF #4). On September 19, 2018, Defendants were served with the petition and summons. (Notice of Removal ¶ 2-3, ECF #1).

On October 18, 2018, Defendants removed this action to this Court alleging diversity jurisdiction. (Notice of Removal, ECF #1). In their notice of removal, Defendants allege Plaintiff is a citizen of the State of Mississippi, Defendant Allstate is a

citizen of the State of Illinois, and Defendant Darby is a citizen of the State of Missouri. (Notice of Removal ¶ 4-9, ECF #1).  On October 23, 2018, Plaintiff moved to remand because the action is **not** removable under the forum defendant rule, 28 U.S.C. § 1441(b)(2), as Defendant Darby is a Missouri citizen. Defendants filed a memorandum in opposition and, *for the first time*, alleged that Defendant Darby was fraudulently joined and should not be considered for jurisdiction.

### Defendants' fraudulent joinder allegation is untimely and does not provide a basis for federal court jurisdiction.

Defendants' attempt to raise fraudulent joinder as a basis for jurisdiction is untimely and improperly asserts a new basis for jurisdiction. Defendants did not allege fraudulent joinder in their notice of removal but instead, simply pled diversity jurisdiction. Defendants cannot plead a new basis for jurisdiction in their opposition to the motion to remand. Moreover, the time for amending the notice of removal to add a new basis for jurisdiction has expired.

"A notice of removal may be freely amended during the thirty-day period in which the removal may be filed." *Binkley v. 3M Company*, 4:18CV768 CAS, 2018 WL 3219632, at *1 (E.D. Mo. July 2, 2018) (internal citations omitted). "However, after the thirty-day period for removal has expired the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice and cannot add new grounds for removal." *Id.* A party cannot remove a case on one jurisdictional theory and then later oppose a motion to remand on a different theory not pled in the notice of removal or a timely amended notice

2

of removal. *Blankenship v. Philadelphia Indem. Ins. Co.*, 4:12CV293 SNLJ, 2012 WL 3765107, at *2 (E.D. Mo. Aug. 30, 2012) (removing party barred from asserting diversity jurisdiction in response to a motion to remand when the notice of removal pled federal question jurisdiction and there was no timely amended notice of removal); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (defendant was time-barred from asserting new ground for removal in its opposition to motion to remand not stated in its notice of removal).

Other district courts have rejected untimely claims of fraudulent joinder under similar circumstances. In *Phillips v. BJ's Wholesale Club, Inc.*, the district court rejected allegations of fraudulent joinder first raised in response to a motion to remand. 591 F.Supp.2d 822, 825 (E.D. Va. 2008) (citing *Tincher v. Ins. Co. of State of Pa.,* 268 F.Supp.2d 666 (E.D.Va. 2003)). The removal asserted diversity jurisdiction. *Id.* The court stated it would deny a request for leave to amend the notice of removal to include fraudulent joinder because the thirty-day removal time had expired. *Id.* at 825-26.

In *Gould v. Wells Fargo Bank, Nat'l Ass'n*, the district court rejected allegations of fraudulent joinder first raised in the defendant's opposition to the plaintiff's motion to remand. No. 3:18-CV-00193-JAG, 2018 WL 3493076, at *2 (E.D. Va. July 20, 2018). The court held "[w]hen a defendant raises fraudulent joinder in response to a motion to remand, rather than in the notice of removal, 'the belated allegation of fraudulent joinder d[oes] not provide a basis for federal jurisdiction.'" *Id.* (quoting *Phillips v. BJ's Wholesale Club, Inc.*, 591 F.Supp.2d 822, 825 (E.D. Va. 2008)).

In comparison, the removing defendant in *Binkley v. 3M Company* filed a timely

3

amended notice of removal to assert fraudulent joinder. *Binkley*, 2018 WL 3219632, at *1. The removal was based on diversity jurisdiction and, like this case, one defendant was a Missouri citizen. *Id.* The plaintiff moved to remand based on the Missouri citizenship and the forum defendant rule. *Id.* The removing defendant moved for leave to amend the notice of removal. *Id.* The motion acknowledged the Missouri citizenship and that the forum defendant rule would preclude jurisdiction but alleged the Missouri citizen was fraudulently joined. *Id.* The motion for leave to amend was allowed because it was filed *within* the thirty-day removal time. *Id*. at *2 (emphasis added). It is inherent in the Court's ruling in *Binkley* that the amended notice of removal added fraudulent joinder as a new ground for removal.  Ultimately, the court remanded the case finding there was no fraudulent joinder. *Id*. at *3.

Here, like *Binkley*, this action was removed alleging diversity jurisdiction but the presence of a Missouri citizen precludes removal. This case differs from *Binkley* because Defendants did not allege fraudulent joinder of the Missouri citizen in a timely motion to amend the notice of removal. As a result, fraudulent joinder is not before the Court.  The only basis for jurisdiction before this Court is diversity. Because Defendant Darby is a Missouri citizen, the forum defendant rule precludes jurisdiction and this case must be remanded to state court.

## Defendant Darby has not been fraudulently joined.

If the Court addresses the fraudulent joinder allegation, there is a reasonable basis in fact and law to support Plaintiff's claim against Defendant Darby. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse

4

defendant solely to prevent removal." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a non-diverse defendant." *Id.* "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

In their opposition, Defendants rely on the wrong standard for the fraudulent joinder determination and facts outside the petition. Defendants contend the claims against Darby do not state causes of action upon which relief can be granted. This is the Rule 12(b)(6) dismissal standard, not the *Filla* standard for fraudulent joinder. *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445-46 (8th Cir. 2010). Under *Filla*, there is no fraudulent joinder if there is a "colorable" claim – if state law *might* impose liability on the resident defendant under the facts alleged. *Junk*, 628 F.3d at 446 (emphasis added). Defendants rely on affidavit testimony submitted with their memorandum, not the facts alleged. Defendants are asking the Court to review evidence and make a merits determination. This is contrary to the law on fraudulent joinder.

For a fraudulent joinder determination, evidence outside of the pleadings should not be considered. *Dillard v. Silvercote, LLC*, No. 4:17-CV-2314 CAS, 2018 WL 2364281, at *3 (E.D. Mo. May 24, 2018). In *Dillard v. Silvercote*, the Court declined a similar request and noted that the "[d]efendants cite no controlling authority in which the reviewing court applied the doctrine of fraudulent joinder doctrine [sic] by considering evidence outside the pleadings to determine there was no claim against the diversity-

destroying[1] defendant." *Id.* Further, the Court declared:

> ***In the fraudulent joinder context, neither the Eighth Circuit nor the Supreme Court have approved of using documents outside the pleadings in order to evaluate whether a plaintiff can establish a claim against a diversity-destroying defendant.*** This Court has frequently declined to review documents outside the pleadings. *See e.g., Klotz v. CorVel Healthcare Corp.*, No. 4:05–CV–1034 CAS, 2005 WL 3008515, at *5 (E.D. Mo. Nov. 9, 2005) ("Consideration of these exhibits would be appropriate if the Court were considering a dispositive motion. In ruling on the motion to remand, however, the Court's 'task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved' and it must resolve all facts in the plaintiff's favor. The Court should not step from the threshold jurisdictional issue into a decision on the merits.") (quoting *Filla*, 336 F.3d at 811); *C.C. ex rel. Chambers v. Union Pac. R. Co.*, No. 4:05–CV–1070 JCH, 2005 WL 2406027, at *3 (E.D. Mo. Sept. 28, 2005) ("the Court finds it inappropriate to determine the issue of fraudulent joinder based on the submitted substantive evidence"); *Wandel v. Am. Airlines, Inc.*, No. 4:05–CV–1702 JCH, 2005 WL 2406017, at *3 (E.D. Mo. Sept. 28, 2005) (same); *Heimann v. Burlington N. Santa Fe Ry. Co.*, No. 4:05–CV–594 FRB, 2005 WL 1474142, at * 2 (E.D. Mo. June 14, 2005) ("the Court does not believe that basing its decision on the exhibits provided by [defendant] would be appropriate in this matter"); *see also Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993) ("this Court ...[finds] that it is inappropriate to apply a summary judgment standard to a claim of fraudulent joinder."); but see *Reeb v. Wal–Mart Stores, Inc.*, 902 F. Supp. 185, 188 (E.D. Mo. 1995) (citation omitted) (holding that "in those instances where a court pierces the pleadings and considers factual and legal materials outside the pleadings, it should only consider whether these materials establish facts supporting the claims, not whether these materials resolve the merits of the plaintiff's claims").

*Dillard*, 2018 WL 2364281 at *3 (emphasis added). *But see*, *Bailey v. Monsanto Company*, 176 F.Supp.3d 853, 866 (E.D. Mo. 2016) (court may consider materials outside pleadings) and *In re Genetically Modified Rice Litigation*, 618 F.Supp.2d 1047, 1052 (E.D. Mo. 2009) (court may consider materials outside the pleadings but only to

---

[1] *Dillard* considered fraudulent joinder for purposes of diversity jurisdiction. Fraudulent joinder is also an exception to the forum defendant rule. *See Bailey v. Monsanto Company*, 176 F.Supp.3d 853, 866 (E.D. Mo. 2016).

determine whether they establish facts supporting the claims, not whether they resolve the merits of the claims).

Without consideration of the allegations in Defendants' affidavits, the fraudulent joinder determination would be strictly made on the face of Plaintiff's Petition. The allegations in Plaintiff's Petition establish a reasonable basis in fact and law for a claim of negligent failure to procure insurance against Defendant Darby as explained below.

"Missouri courts have long held that a broker or agent who undertakes to procure insurance for another for compensation owes a duty of reasonable skill, care, and diligence in obtaining the requested insurance." *Busey Truck Equipment, Inc. v. American Family Mut. Ins. Co.*, 299 S.W.3d 735, 738 (Mo.App. E.D. 2009) (citing *Parshall v. Buetzer,* 121 S.W.3d 548, 554 (Mo.App. W.D. 2003)). "An agent or broker who unjustifiably and through his fault or neglect fails to obtain the requested insurance will be held liable for any damages resulting from such failure." *Id.* (citing *Zeff Distr. Co., Inc. v. Aetna Cas. & Surety Co., Inc.,* 389 S.W.2d 789, 795 (Mo. banc 1965)). "Moreover, "[a]n agent or broker who undertakes to procure insurance in accordance with instructions impliedly undertakes to give notice to the [client] in the event of his failure to procure such insurance." *Id.* "Failure to provide this notice will render the agent or broker liable to the client for damages, and the client may sue in tort for negligent breach of the agent's or broker's duty to timely notify the client that the requested insurance was not obtained." *Id.* (citing *Wilmering v. Lexington Ins. Co.,* 678 S.W.2d 865, 872 (Mo.App. E.D. 1984)).

The elements of negligent failure to procure insurance are: "(1) the agent agreed to

procure, for compensation, insurance from the insurance company; (2) the agent failed to procure the agreed upon insurance and, in so doing, failed to exercise reasonable care and diligence; and (3) as a result, the plaintiff suffered damages." *Id.* (citing *Haynes v. Edgerson,* 240 S.W.3d 189, 195 (Mo.App. W.D. 2007)).  Here, the Petition alleges:

- In March 2018, Plaintiff requested that Katherine Darby, an insurance agent and/or insurance broker, procure an insurance policy covering Plaintiff's property at 850 Agnes Street in Sikeston, Missouri, which was an additional residence.

- Defendant Darby agreed to procure, for compensation, an insurance policy to cover Plaintiff's additional residence as requested.

- Defendant Darby advised Plaintiff that the Allstate policy purchased on March 18, 2018 (policy #815 215 897) provided coverage for her property. Plaintiff reasonably relied on this representation when she purchased Allstate policy #815 215 897 believing her property would be covered.

- In denying Plaintiff's fire loss claim, Allstate contends policy #815 215 897 does not cover an additional residence.

- Defendant Darby failed to procure the insurance coverage Plaintiff requested.

- Defendant Darby failed to exercise reasonable care and diligence in ensuring that the Allstate policy covered Plaintiff's property as an additional residence.

- As a result of Defendant Darby's negligence and Allstate's consequent denial of Plaintiff's claim, Plaintiff sustained damages and losses [as set forth in the petition].

(Petition, ¶ 17-23, ECF #4). The foregoing establishes a reasonable basis in fact and law to support the claim against Defendant Darby for negligent failure to procure insurance.

If the Court considers the affidavits submitted by Defendants, Plaintiff submits testimony by affidavit that supports her claim against Defendant Darby. (Exhibit A, Affidavit of Betty Robinson). Specifically, the affidavit states the following:

8

- In March 2018, I contacted the Dean Agency LLC, an Allstate agency, in Southaven, Mississippi regarding insurance coverage for my real and personal property in Mississippi and Missouri. The Dean Agency told me they could help me with the Mississippi property but not the Missouri property. I was given a telephone number for an Allstate agent in Missouri, Katherine Darby ("Kathy Darby") in Cape Girardeau, Missouri.

- Before March 18, 2018, I spoke to a person by telephone who identified herself as Kathy Darby to get insurance for my real and personal property at 850 Agnes Street, Sikeston, Missouri, which was an additional residence. I requested that Kathy Darby obtain an insurance policy to cover my additional residence in Missouri and she agreed.

- By telephone, Kathy Darby gave me a quote for insurance coverage on my real and personal property in Missouri. Based on her representations that the quoted insurance policy would cover my Missouri property, which was an additional residence, I gave her my bank card information to pay the premium. I relied on her representations that the Allstate policy she quoted and I purchased covered my Missouri property as an additional residence.

- Before the effective date of the Missouri policy, Kathy Darby represented to me that the House & Home Policy of insurance being policy #815 215 897 with Defendant Allstate provided insurance coverage against loss on my Missouri property. That policy was to be effective from March 18, 2018 to March 18, 2019.

- After a fire loss at my Missouri property, Allstate denied coverage.

- If the Allstate insurance policy does not cover the fire loss on my Missouri property, then Kathy Darby did not procure the insurance coverage I requested.

- If the Allstate insurance policy does not cover the fire loss on my Missouri property because it does not provide coverage for an additional residence, Kathy Darby failed to inform me and failed to provide accurate and complete information to me and to Allstate.

- Additionally, I purchased insurance coverage for my real property and personal property at 10520 Oak Run Dr N, Olive Branch, Mississippi with Allstate. Dean Agency LLC in Southaven, Mississippi is my Allstate agent for that policy.

- The allegations in the Petition are true to the best of my information, knowledge, and belief.

9

(Exhibit A, Affidavit of Betty Robinson).

Plaintiff's affidavit supports each allegation in her Petition and provides a basis in fact for the claim of negligent failure to procure insurance against Defendant Darby. The allegations in Defendants' affidavits do no more than create factual disputes and, under *Filla*, "the Court must resolve all facts in the plaintiff's favor and may not proceed to the merits of the matter in deciding whether it has jurisdiction." 336 F.3d at 811.

"To the extent the parties disagree over the details of the insurance plaintiff requested [defendant] procure and the extent of the information plaintiff disclosed in making this request, these are factual questions for the state court to decide on remand." *Johnson v. Travelers Cas. & Marine Ins. Co.*, No. 4:11CV00761 JCH, 2011 WL 2899153, at *4 (E.D. Mo. July 20, 2011). The court remanded in *Johnson* under substantially similar facts and legal issues. *Id.* at *3-4. The plaintiff filed claims in state court against an insurance company for breach of contract and vexatious refusal and an insurance agent for negligent failure to procure insurance. *Id.* at *1, 3. The case was removed to federal court alleging diversity jurisdiction and fraudulent joinder. *Id.* at *1. The court held the insurance agent was not fraudulently joined where the plaintiff alleged:  (1) a duty created by the agent relationship between plaintiff and the insurance agent, who worked for compensation and for the purpose of purchasing insurance; (2) that the agent failed to procure the requested insurance coverage; and (3) that damages resulted from the insurance agent's failure to procure the requested insurance coverage. *Id.* at *3. The court noted the claim for failing to obtain the requested insurance was substantially similar to the claim in *Busey Truck*. *Id.* at *4.

In *Busey Truck*, the Missouri appellate court reversed the trial court's dismissal of a negligent failure to procure insurance against a "captive" insurance agent. 299 S.W.3d at 738-40. Allegations similar to the ones in this action met a motion to dismiss standard, which is more demanding than the *Filla* fraudulent joinder standard. *Id.* In *Busey Truck*, plaintiff sued the defendant insurance agent following American Family's refusal to pay the full value of plaintiff's fire loss claim. *Id.* at 737. The plaintiff had requested the insurance agent procure an insurance policy that covered its facilities' contents. *Id.* The court found the following allegations sufficient to meet a motion to dismiss standard on the claim of negligent failure to procure insurance:

> In its petition, Busey claimed that its representatives met with Agent and specifically requested an insurance policy covering its facilities' various contents. Busey stated that Agent advised it that the policy would cover Busey's contents and, "[a]s a result of advice provided by [Agent], Busey procured the Policy believing its Contents would be covered." Busey further alleged that Agent failed to exercise care in ensuring that the policy covered all of Busey's contents. Finally, Busey asserted that, as a result of Agent's negligence and Insurance Company's consequent denial of Busey's claim, Busey sustained damages and losses. We therefore find Busey's petition alleged sufficient facts to establish the elements of negligent failure to procure insurance.

*Id.* at 738.

If the Court finds the sufficiency of the claim against Defendant Darby is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state court[] to decide." *Schroeder v. Schape Fitness, Inc.*, No. 4:17 CV 2943 SNLJ, 2018 WL 2432954, at *3 (E.D. Mo. May 29, 2018) (citing *Filla*, 336 F.3d at 811). The same is true for the breach of fiduciary duty claim.

11

## Defendants' case law citations do not undermine
## the basis in law for Plaintiff's claim against Defendant Darby.

Defendants cite numerous cases for legal arguments that are not relevant to the facts in this action or the fraudulent joinder determination. First, Defendants cite *Farmers Ins. Co. v. McCarthy*, 871 S.W.2d 82, 84 (Mo.App. E.D. 1994) to support its argument there is no basis in law for the claims against Defendant Darby. In *McCarthy*, there was no allegation that the insurance agent failed to carry out any undertaking to procure insurance requested by the plaintiff. *McCarthy*, 871 S.W.2d at 85. In fact, the agent obtained the coverage requested. *Id.*  The plaintiff's complaint was that the agent failed to inform her of the availability and advisability of additional insurance coverage. *Id. McCarthy* is not relevant to the issues in this action. Instead, the facts and legal issues are substantially similar to those in *Busey Truck Equipment, Inc. v. American Family Mut. Ins. Co.* and *Johnson v. Travelers Cas. & Marine Ins. Co.* cited and discussed above.

Next, Defendants argue that any agency relationship ceased upon execution and delivery of policy and, therefore, Defendant Darby had no duty that could be breached after delivery of the policy.[2]  As with their other arguments, Defendants rely on the facts submitted in their affidavits. Again, evidence outside of the pleadings should not be considered. *Dillard*, 2018 WL 2364281 at *3. Even if considered, the affidavits create factual disputes and "the Court must resolve all facts in the plaintiff's favor and may not proceed to the merits of the matter in deciding whether it has jurisdiction." *Filla*, 336 F.3d at 811. Further, this argument was rejected under similar circumstances in *Busey*

---

[2] Defendants' lead into this argument with a statement as to why there can be no tort of civil conspiracy. Plaintiff has not made a claim of civil conspiracy.

12

*Truck*. There the court held:

> ***Agent also claims that her duty to act with reasonable care, skill, and diligence in obtaining the insurance requested terminated when Insurance Company executed and delivered the policy to Busey***. ***The cases upon which Agent relies for this proposition are inapposite because the plaintiffs in those cases did not allege that the insurance agents with whom they dealt failed to provide the insurance coverage they requested.*** See Hecker v. Missouri Prop. Ins. Placement Facility, *891 S.W.2d 813, 815 (Mo. banc 1995) (holding that insurance broker did not have a duty to the insureds to either procure a renewal of their insurance or notify them that he would not submit a renewal application on their behalf);* Blevins, *961 S.W.2d at 950 (holding that insurance agent did not have a duty to advise insureds as to their particular insurance needs or the availability of optional coverage).* ***For example, in Hecker, the Supreme Court stated that the insurance agent's duty was not continuing, but ceased on execution and delivery of the policy to the insured because, there, the agent executed and delivered the policy that the insured requested.*** Hecker, *891 S.W.2d at 816; see also* Blevins, *961 S.W.2d at 950.* ***Agent would have us expand this holding so that once an insurance agent provides any policy to the insured, she has fulfilled her duty to the insured. We decline to do so.***

*Busey*, 299 S.W.3d at 739 (emphasis added).

Finally, Defendants argue Defendant Darby cannot be individually liable and the sole recourse is against Allstate for three reasons. First, Defendants argue Darby is not a party to the insurance contract, she did not incur personal liability for an insurance contract on behalf of a disclosed principal, and only Allstate is responsible for Darby's actions. This argument is contrary to Missouri law in *Busey Truck* and *Johnson v. Travelers Cas. & Marine Ins. Co.* cited and discussed above. The case law cited by Defendants addresses agency for purposes of general contract law, is not relevant, and does not warrant discussion.[3]

---

[3] For this argument, the following cases are cited by Defendants:
*21 West, Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858 (Mo.App. E.D. 1995) – Whether directors of corporation were personally liable for corporation's breach of contract.

13

Next, Defendants contend Darby can only be individually liable if she acted in her own self-interest and outside the scope of her employment with Allstate. Again the cases relied on by Defendants have no relevance to the claims in this case and do not warrant discussion.[4]

Last, Defendants suggest that because Defendant Darby acted in her capacity as an agent of Allstate, she has no separate duty or liability. In *Busey Truck*, the court rejected an argument that the insurance agent had a lesser duty to the plaintiff as a "captive" agent. *Busey Truck*, 299 S.W.3d at 740. The court found no difference between a captive agent and an independent broker for purposes of an agent's duty to either procure the insurance the client requests or notify the client of her failure to do so. *Id.*

The statements of law offered by Defendants to support their argument that Defendant Darby cannot be individually liable and the sole recourse is against Allstate do not undermine or defeat Plaintiff's claims. *Busey Truck Equipment, Inc. v. American Family Mut. Ins. Co.* and *Johnson v. Travelers Cas. & Marine Ins. Co* are directly on point while Defendants' cases address other issues. And, as with their other arguments,

---

*Headrick Outdoor v. Middendorf,* 907 S.W.2d 297 (Mo.App. W.D. 1995) – Whether president of company leasing billboard was personally liable on leasing contract.
*Professional Laundry Management Systems, Inc. v. Aquatic Technologies, Inc.*, 109 S.W.3d 200 (Mo.App. E.D. 2003) – Whether salesman was personally liable for breach of contract where he signed the contract on behalf of his corporate employer.
*State ex rel. William Ranni Assoc, Inc. v. Hartenbach*, 742 S.W.2d 134 (Mo. banc 1987) – Whether insurance agent was liable to third party beneficiaries of life insurance policy.
[4] For this argument, the following cases are cited by Defendants:
*Grothe v. Helterbrand*, 946 S.W.2d 301 (Mo.App. S.D. 1997) – Whether corporate officer could be personally liable for corporation's misappropriation of plaintiff's property.
*Lynch v. Blanke Baer & Bowey Krimko*, 901 S.W.2d 147 (Mo.App. E.D. 1995) – Whether corporate officer was individually liable for wrongful discharge.
*Darling & Co. v. Fry*, 24 S.W.2d 722 (Mo.App. 1930) – Whether managing officer of corporation was personally liable for conversion of sales proceeds.

Defendants rely on facts submitted in their affidavits. Again, even if considered, the affidavits create factual disputes and "the Court must resolve all facts in the plaintiff's favor and may not proceed to the merits of the matter in deciding whether it has jurisdiction." *Filla*, 336 F.3d at 811.

## Conclusion

Plaintiff's motion to remand should be granted as Defendant Darby is a Missouri citizen and the forum defendant rule, 28 U.S.C. § 1441(b)(2), precludes jurisdiction. Defendants alleged diversity jurisdiction in their notice of removal and their belated claim of fraudulent joinder raised in their memorandum in opposition to the motion to remand does not provide a basis for jurisdiction. Further, on the face of the petition, there is a reasonable basis in fact and law for the claim against Defendant Darby for negligent failure to procure insurance and breach of fiduciary duty. And, if Defendants' affidavit testimony is considered, it creates only factual disputes that must be resolved in Plaintiff's favor for the fraudulent joinder determination. Based on the allegations in the Petition and Plaintiff's affidavit testimony in support, there is a reasonable basis in fact and law for the claims against Defendant Darby. Because there is no fraudulent joinder, this case should be remanded to state court due to lack of federal jurisdiction.

WHEREFORE, Plaintiff Betty Robinson respectfully requests this Court remand this case to the Circuit Court of Scott County, Missouri and for such other and further relief as the Court deems just and proper.

Respectfully submitted:

COOK, BARKETT, PONDER & WOLZ, LC

By: */s/  Phillip J. Barkett, Jr.*_____
    Phillip J. Barkett, Jr.    #22958MO
    Kimberly S. Price         #42571MO
    1610 North Kingshighway, Suite 201
    P.O. Box 1180
    Cape Girardeau, MO 63702-1180
    Phone: 573-335-6651   Fax: 573-335-6182
    E-mail:   pbarkett@cbpw-law.com
             kprice@cbpw-law.com
    ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

    I certify that on this date, November 12, 2018, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                            */s/ Phillip J. Barkett, Jr.*_____