UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BETTY ROBINSON, | ) |
|       Plaintiff, | ) |
| vs | ) |
| | ) Case No. 1:18CV00252 ACL |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and KATHERINE DARBY, | ) |
|       Defendants. | ) |

## **MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion to Remand Case to the Circuit Court of Scott County, Missouri. (Doc. 7.) Defendants oppose the Motion. (Doc. 13.) For the following reasons, the Motion to Remand will be granted, and this matter will be remanded to state court.

### **I. Background**

Plaintiff Betty Robinson filed suit in the Circuit Court of Scott County, Missouri, on September 6, 2018. (Doc. 1-1.) The Petition asserts claims of breach of contract and vexatious refusal to pay against Defendant Allstate Vehicle and Property Insurance Company ("Allstate"); and claims of negligent failure to procure insurance and breach of fiduciary duty against Defendant Katherine Darby ("Darby"). *Id.* Plaintiff's claims stem from a fire loss sustained to real and personal property on July 9, 2018. She alleges the loss was covered by an insurance policy issued to her by Allstate on March 18, 2018. Defendant Darby was an authorized agent of Allstate at all relevant times.

1

The record reflects that both Defendants were served with the Petition on September 19, 2018. (Doc. 1-1.) Defendants removed this action from the Circuit Court of Scott County on October 18, 2018, citing diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) In the Notice of Removal, Defendants allege that Plaintiff Robinson is a citizen of Mississippi; Defendant Allstate is a citizen of Illinois; and Defendant Darby is a citizen of Missouri. *Id.* at p. 2. Defendants state that the amount in controversy in this action exceeds the $75,000 jurisdictional amount. *Id.*

Plaintiff filed a Motion to Remand, in which she argues that this action is not removable due to the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2). (Doc. 7.) Specifically, Plaintiff notes that Defendant Darby is a citizen of Missouri, and was served prior to removal. Plaintiff argues that this Court lacks jurisdiction, and the case must be remanded to the Circuit Court of Scott County.

In their Response, Defendants argue that Plaintiff fraudulently joined Darby and that the Court should therefore disregard her residency for purposes of determining diversity jurisdiction. (Doc. 13.) Defendants have submitted affidavits, which they request the Court consider in determining the issue of fraudulent joinder. (Docs. 13-1, 13-2.)

Plaintiff has filed a Reply, in which she first argues that Defendants' fraudulent joinder allegation is untimely and does not provide a basis for jurisdiction. Plaintiff further argues that Defendant Darby has not been fraudulently joined because there is a reasonable basis in fact and law for the claims against Darby.

## II. Discussion

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries,* 823 F.2d 214, 216 (8th Cir. 1987). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

The statutes that govern removal of a state court action to federal court include Title 28 U.S.C. §§ 1441 and 1446. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." A notice of removal may be amended during the thirty-day period during which the removal may be filed. *Lindsey v. Dillard's, Inc.,* 306 F.3d 596, 600 (8th Cir. 2002); *Whitehead v. The Nautilus Group, Inc.,* 428 F. Supp.2d 923, 928-29 (W.D. Ark. 2006). Although a notice may be amended after the thirty-day period, the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice. *Whitehead*, 428 F. Supp.2d at 928-29. The amendment cannot add new grounds for removal once the thirty-day period has expired. *Id.*

In this case, there is no dispute that Darby is a citizen of Missouri. The forum defendant rule, 28 U.S.C. § 1441(b)(2),[1] allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction if none of the properly joined defendants are citizens of the state in which the original action was filed. Applying that rule here, there is no removal jurisdiction over this case because Defendant Darby is a citizen of Missouri. "A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); 28 U.S.C. § 1441(b)(2).

Where a defendant is joined solely to deprive federal courts of jurisdiction, however, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud. *Manning v. Wal-Mart Stores East, Inc.,* 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004).

Plaintiff first argues that Defendants' fraudulent joinder claim is untimely. Plaintiff states that Defendants did not allege fraudulent joinder in their notice of removal but, rather, simply pled diversity jurisdiction. Plaintiff notes that the time for amending the notice of removal to add a new basis for jurisdiction has expired.

Courts have consistently held that a defendant may not allege diversity jurisdiction or federal question jurisdiction for the first time after the expiration of the period for amending the notice of removal. *See, e.g. City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo.

---

[1] Section 1441(b)(2) provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2013); *Whitehead v. The Nautilus Group, Inc.*, 428 F. Supp.2d 923, 928-29 (W.D. Ark. 2006); *Blankenship v. Philadelphia Indem. Ins. Co.*, No. 4:12CV293SNLJ, 2012 WL 3765107, at *2 (E.D. Mo. Aug. 30, 2012). This reasoning has been applied in circumstances similar to the instant case to preclude a defendant from raising the issue of fraudulent joinder in response to a motion to remand. *See Gould v. Wells Fargo Bank, Nat'l Ass'n,* No. 3:18-CV-00193-JAG, 2018 WL 3493076, at *2 (E.D. Va. July 20, 2018) ("When a defendant raises fraudulent joinder in response to a motion to remand, rather than in the notice of removal, 'the belated allegation of fraudulent joinder d[oes] not provide a basis for federal jurisdiction.'") (omitting citation); *see also Prather v. Kindred Hosp.*, 14-0828-CV-W-FJG, 2014 WL 7238089, at *1 (W.D. Mo. Dec. 17, 2014) (declining to consider fraudulent joinder as ground for removal when defendant removed on the basis of diversity and the thirty-day period to amend notice of removal had expired).

Defendants have not responded to Plaintiff's argument that their fraudulent joinder allegation is untimely, nor have they sought leave to amend their notice of removal. Given that the time period to amend the notice of removal has expired, Defendant's fraudulent joinder allegation is untimely.

The Court further finds that, even if Defendants' fraudulent joinder allegation were timely raised, it lacks merit. A defendant seeking removal on the basis of fraudulent joinder bears the burden of proving that the plaintiff's claim against the diversity-destroying defendant has "no reasonable basis in fact and law." *Filla v. Norfolk S. Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Under this standard, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (emphasis added). Joinder of

5

the diversity-destroying defendant is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. The Eighth Circuit has further instructed that in ruling on the issue of fraudulent joinder, a district court does not have the power to decide the merits of a case. *Id.* "[T]he Court resolves all facts and ambiguities in the controlling substantive law in the plaintiffs' favor and has no responsibility to definitively settle the ambiguous question of state law." *Orrick v. SmithKline Beecham Corp.*, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014) (citing *Filla*, 336 F.3d at 811).

Under Missouri law, a claim of negligent failure to procure insurance requires that "(1) the agent agreed to procure, for compensation, insurance from the insurance company, (2) the agent failed to procure the agreed upon insurance and, in doing so, failed to exercise reasonable care and diligence, and (3) as a result, the plaintiff suffered damages." *Busey Truck Equip., Inc. v. Am. Family Mut. Ins. Co.,* 299 S.W.3d 735, 738 (Mo. Ct. App. 2009) (citation omitted). "[A] broker or agent who undertakes to procure insurance for another for compensation owes a duty of reasonable skill, care, and diligence in obtaining the requested insurance." *Id.* This duty is breached if such an agent "unjustifiably and through his fault or neglect fails to obtain the requested insurance," or fails "to give notice to the client in the event of his failure to produce such insurance." *Id.* (citing *Zeff Distr. Co., Inc. v. Aetna Cas. & Surety Co., Inc.,* 389 S.W.2d 789, 795 (Mo. Ct. App. 1965). In the event of breach, an agent is liable for any damages resulting from such failure to obtain requested insurance or failure to notify that the requested insurance was not obtained. *Busey Truck,* 299 S.W.3d at 738; *Wilmering v. Lexington Ins. Co.,* 678 S.W.2d 865, 872 (Mo. Ct. App. 1984).

The Petition sets forth the following allegations against Darby in Count II:

6

- In March 2018, Plaintiff requested that Darby, an insurance agent or broker, procure an insurance policy covering Plaintiff's property at 850 Agnes Street in Sikeston, Missouri, which was an additional residence. (Doc. 1-1 at ¶ 17.)
- Darby agreed to procure, for compensation, an insurance policy to cover Plaintiff's additional residence as requested. *Id.* at ¶ 18.
- Darby advised Plaintiff that the Allstate policy purchased on March 18, 2018 provided coverage for her property. Plaintiff reasonably relied on this representation when she purchased the policy. *Id.* at ¶ 19.
- In denying Plaintiff's fire loss claim, Allstate contends the policy does not cover an additional residence. *Id.* at ¶ 20.
- Darby failed to procure the insurance coverage Plaintiff requested. *Id.* at ¶ 21.
- Darby failed to exercise reasonable care and diligence in ensuring that the policy covered Plaintiff's property as an additional residence. *Id.* at ¶ 22.
- As a result of Darby's negligence and Allstate's consequent denial of Plaintiff's claim, Plaintiff sustained damages and losses. *Id.* at ¶ 23.

In Count III of the Petition, Plaintiff alleges that Darby had a fiduciary duty to exercise reasonable care, skill, and diligence in procuring the requested insurance coverage. (Doc. 1-1 at ¶ 25. Plaintiff asserts that Darby breached her fiduciary duty to Plaintiff in failing to procure the insurance as described in Count II. *Id.* at ¶ 26.

The allegations in the Petition set forth above clearly plead the elements of a negligent failure to procure insurance claim.

Defendants argue that Plaintiff's negligent procurement claim fails because Darby was not

involved with the insurance application process. In support of this claim, Defendants cite the affidavits of Defendant Darby and of a non-party Allstate agent setting out specific factual allegations. Plaintiff argues that the Court should not consider the affidavits or other evidence outside the pleadings. Plaintiff has submitted her own affidavit setting forth her account of the facts, in the event the Court determines it is appropriate to consider such evidence. (Doc. 17-1.)

In the fraudulent joinder context, neither the Eighth Circuit nor the Supreme Court have approved of using documents outside the pleadings in order to evaluate whether a plaintiff can establish a claim against a diversity-destroying defendant. This Court has frequently declined to review documents outside the pleadings. *See e.g., Klotz v. CorVel Healthcare Corp.*, No. 4:05–CV–1034 CAS, 2005 WL 3008515, at *5 (E.D. Mo. Nov. 9, 2005) ("Consideration of these exhibits would be appropriate if the Court were considering a dispositive motion. In ruling on the motion to remand, however, the Court's 'task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved' and it must resolve all facts in the plaintiff's favor. The Court should not step from the threshold jurisdictional issue into a decision on the merits.") (quoting *Filla*, 336 F.3d at 811); *C.C. ex rel. Chambers v. Union Pac. R. Co.*, No. 4:05–CV–1070 JCH, 2005 WL 2406027, at *3 (E.D. Mo. Sept. 28, 2005) ("the Court finds it inappropriate to determine the issue of fraudulent joinder based on the submitted substantive evidence").

The Court declines to review the parties' competing affidavits. Defendants' arguments improperly seek to have this Court review the merits of Plaintiff's claims. On the face of the Petition, there is a reasonable basis to find that it states a claim for negligent failure to procure

8

insurance.² Thus, this action is not removable on its face because it presents no federal question, and Defendant Katherine Darby is a Missouri citizen.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **granted**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this matter is remanded to the Circuit Court of Scott County, Missouri**.**

Dated this 27th day of February, 2019.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

---

² Because this determination is dispositive, the Court will not consider Defendants' additional argument that Plaintiff fails to plead the elements of a breach of fiduciary duty claim.